T. F. Green v. Commissioner.
Green v. Commissioner
Docket No. 10696.
United States Tax Court
1948 Tax Ct. Memo LEXIS 218; 7 T.C.M. (CCH) 190; T.C.M. (RIA) 48054; April 12, 1948
*218 J. C. Davis, Esq., 708 1/2 Garrison Ave., N. W., Fort Smith, Ark., for the petitioner. Stanley B. Anderson, Esq., for the respondent. KERN Memorandum Findings of Fact and Opinion Respondent determined a deficiency in the income tax liability of petitioner for the year 1941 in the sum of $169.92, and a deficiency for the years 1942 and 1943 in the sum of $1,364.02. On brief respondent concedes that the collection of any deficiency in petitioner's tax for the year 1941 is barred by the statute of limitations. The deficiency for 1942 and 1943, for the most part, results from respondent's determination that petitioner's purchases and sales in 1942 were understated by him on his records and in his returns. The following is petitioner's profit and loss statement for 1942, as computed by the Commissioner in the explanation attached to the determination of deficiency: 1. Gross sales (estimated 33 1/3 added to purchases)
$38,310.66
2. Less: Cost of goods sold: Inventory 1/1/42
$ 3,240.39
Purchases
Moon Distilling Co.
$ 3,712.81
United Liquors
13,192.36
Silbernagle Co.
3,016.90
McKesson & Robbins
1,782.22
F. Strauss
6,565.61
Dixie Wholesale
385.65
28,655.55 *
Total purchases and inventory
$31,895.94
Less: Closing inventory
3,162.94
28,733.00
3. Gross profit from liquor sales
$ 9,577.66
4. Less: Deductions
Wages
$ 495.00
License and tax
603.75
Utilities and miscl
354.76
Total deductions
1,453.51
5. Net profit from liquor sales
8,124.15
6. Other income
Beer and other purchases
$ 2,782.25
Estimated 10% net profit
278.25
7. Total net taxable income, December 31, 1942
$ 8,402.40
*219 Findings of Fact The petitioner, T. F. Green, resided in Fort Smith, Arkansas, and conducted a retail liquor business during the taxable years. His returns were filed with the collector of internal revenue for the district of Arkansas. The only evidence adduced by petitioner consisted of his book of original entry which purportedly reflected the operations of his business and which was used by him in the preparation of his income tax returns. The book has two pages for each month from February, 1941, to February of 1943. One of the pages is devoted to daily entries showing receipts from the sale of liquor and ice, and the receipt of sales taxes. The second page contains monthly entries showing payments made to wholesale liquor dealers and other expenses. The book also contains a profit and loss statement for 1941 and for 1942. These records were made by petitioner's attorney. They were compiled from data, bills and records given by petitioner to the attorney, who was employed *220 in this connection as an accountant. The petitioner could not testify as to the accuracy of the records from his own knowledge. Respondent introduced in evidence invoices and records belonging to five of the six wholesale liquor dealers from whom petitioner purchased his supply of liquor. The invoices were identified by employees of the respective companies. While the employees did not know of their own knowledge that the liquor covered by the invoices was actually delivered to petitioner, they testified that each invoice purported to record a cash sale to petitioner made by the respective dealers. An invoice in triplicate recorded each of these transactions, of which the original was given to the purported purchaser. Two duplicates were retained by the vendor. The invoices show the purchaser, the quantity of liquor sold and the amount received in payment. The invoices in evidence cover a limited period in 1942 and name petitioner, T. F. Green, as purchaser. The following table indicates the purchases appearing on the petitioner's books and those recorded on the invoice: Difference
Wholesale
Date of in-
Amount of
Year 1942
in Favor
Distributor
voices 1942
Invoices
Pet'rs. records
of Comm'r.
Moon Distilling Co.
Jan. to Oct.
$ 2,340.23
$ 1,776.17
$ 564.06
United Liquors
Jan. to Dec.
13,523.95
4,232.71
9,291.24
Silbernagle Co.
Jan. to Oct.
4,393.87
1,682.76
2,711.11
McKesson & Robbins
Jan. to Nov.
1,783.01
1,025.30
757.71
F. Strauss Co.
Jan. to Oct.
6,665.53
4,298.16
2,367.37
Totals
$28,706.59
$13,015.10
$15,691.49 *
*221 Opinion KERN, Judge: Respondent, in determining the deficiency for the years 1942 and 1943 reconstructed petitioner's income for 1942 in the following manner. He accepted petitioner's figures for his opening and closing inventories but increased considerably the amount of petitioner's purchases, and, consequently, the amount of petitioner's sales with the addition of 33 1/3 per cent of such purchases representing petitioner's mark-up. The only evidence presented by petitioner at the hearing herein consisted of the book of account described in our findings and covering the year 1942, and two months in 1943. The respondent introduced in evidence invoices covering specific cash sales purportedly made to petitioner during 1942 by various wholesale liquor dealers. The total amount of petitioner's purchases evidenced by these invoices was far in excess of the purchases appearing in petitioner's book of account, and was slightly in excess of the total purchases appearing in respondent's determination. Petitioner, although *222 present in court at the time of the hearing, did not deny the purchase or receipt of the merchandise covered by these invoices. Neither did he question the propriety of respondent's use of 33 1/3 per centum of such purchases as petitioner's mark-up in his sales. As to 1943, respondent determined petitioner's net income to have been the sum of $812.13. Petitioner introduced no evidence as to 1943 other than the book of account above referred to which covered only the routine items of receipts and expenditures during the months of January and February, 1943. Upon the record before us we must conclude that the respondent did not err in his determination of a deficiency for the taxable years 1942 and 1943. Decision will be entered under Rule 50. Footnotes
*. The amounts of purchases are in dispute with the exception of purchases made from the Dixie Wholesale Co. The evidence does not disclose wherein the parties disagree as to deductions and other income.↩
*. This variation between petitioner's bookkeeping entries and the invoices is in excess of the determination of discrepancies made by the Commissioner.↩